# W. S. NOTT COMPANY, a Corporation, v. VILLAGE OF SAWYER, a Municipal Corporation.

(161 N. W. 202.)

**Municipality — contractual liability — formalities — statutory requirements — absence of — officers — bound by acts of — duties — performance of.**

1. In the absence of statutory requirements covering the formalities necessary to bind a municipality to a contractual liability, a municipality is bound by the acts of its officers in accepting a proposal.

**Village trustees — allowance of bills — warrants — directs issue of — property — in payment of — authority to buy — proposal to sell — acceptance — village liable.**

2. Where a board of village trustees allows a bill and directs issuance of warrants in payment for property which it is authorized to buy and which is offered for sale under the terms of a definite proposal, the proposal is accepted, and the village is liable upon the warrants so issued.

**Villages — officers — debts — incurring — authority — legal petition for — by citizens and taxpayers — alternative form of — only as to form of the indebtedness — may incur liability — for purpose stated.**

3. Where a legal petition is filed by citizen property owners requesting a board of village trustees to incur a debt or liability, or to issue bonds for a given purpose, the petition is in the alternative only as to the form of the liability, and the submission to vote of the question of issuing bonds does not exhaust the authority of village trustees to incur liability for the purpose stated.

Opinion filed January 13, 1917.

Appeal from District Court of Ward County, *K. E. Leighton,* J. Reversed.

*Bosard & Twiford,* for appellant.

The subject-matter of the contract in question was within the power of the board of village trustees. Comp. Laws 1913, § 3861.

An illegal contract may be ratified by a subsequent performance of the acts or conditions requisite to the making of a legal contract. Abbott, Mun. Corp. § 282; Denver v. Webber, 15 Colo. App. 511, 63 Pac. 804; Illinois Trust & Sav. Bank v. Arkansas City, 34 L.R.A. 518, 22 C. C. A. 171, 40 U. S. App. 257, 76 Fed. 271; Gutta Percha & Rubber Mfg. Co. v. Oglalla, 40 Neb. 775, 42 Am. St. Rep. 696, 59 N. W. 513; Darling v. Manistee, 166 Mich. 35, 131 N. W. 450; Swenson v. Bird Island, 93 Minn. 336, 101 N. W. 495.

*Palda & Aaker* and *I. M. Oseth,* for respondent.

The contract entered into between the plaintiff and the village officers was *ultra vires* and void. Comp. Laws 1913, § 3868.

A public corporation cannot evade the statutes and arrogate to itself greater authority than conferred by statute, by the simple expedient of pretending to ratify the *ultra vires* act. 26 Cyc. 676, et seq.

BIRDZELL, J. This is an action by W. S. Nott Company against the village of Sawyer, founded upon four warrants amounting, in all, to $850. By stipulation the case was tried without a jury. The facts are, briefly, as follows: That during the month of April, 1910, plaintiff company proposed to sell to the defendant village some fire apparatus for $850, that on the 11th of April the board of trustees of the village adopted a resolution purporting to accept the proposal of the plaintiff company, and on the same date executed a contract with the plaintiff for the purchase of the apparatus. On May 2, 1910, two petitions were presented to the board of trustees of the village, each signed by the owners of more than five eighths of the taxable property. One petition authorized the board to incur a debt or liability of $1,500, or to issue bonds therefor, for the purpose of purchasing fire apparatus. The other petition purported to authorize the board to incur a debt by issuing refunding bonds to the amount of $2,000, for the purpose of funding existing indebtedness. The board of trustees of the village subsequently submitted the questions of issuing bonds for the purposes stated

in the two petitions to a vote of the electorate. The election was held May 16, 1910, and both proposals were rejected. The fire apparatus for which the warrants were given was delivered to the village sometime between the 3d of May, 1910, and the 5th of July, 1910; and at a date subsequent to the petitions and election above referred to, the agent of the plaintiff company renewed his proposal to furnish the apparatus. On July 12, 1910, the village trustees voted to allow the bill of the plaintiff, and in pursuance of the vote the warrants in suit were issued. The only question involved in this case is as to the legality of the exercise by the board of trustees of the power to bind the defendant village under the facts set forth above.

Section 3861 of the Compiled Laws of 1913 includes, among the enumeration of powers of village boards, the power "to provide all necessary apparatus for the extinguishing of fires." Section 3868 of the Compiled Laws of 1913 provides that "no village incorporated under this chapter shall have the power to borrow money or incur any indebtedness, liability or issue bonds to fund any existing indebtedness unless five eighths of the citizen owners of the taxable property of such village as evidenced by the assessment roll of the preceding year, petition the board of trustees to contract such debt, loan or bonds." While the power to purchase apparatus for extinguishing fires is clearly within the legislative grant of powers to municipal corporations of the character of the defendant, the legislature has seen fit to safeguard the interests of the taxpayers to the extent of requiring, as a condition precedent to the exercise of such power, that a petition be filed, signed by five eighths of the citizen owners of the taxable property. In this case it is conceded that such a petition was filed before the warrants in question were issued, but it is contended that since the petition had not been filed prior to the formal action upon the plaintiff's proposal in April, no legal contract exists, binding the defendant. In our opinion, respondent's contention is not sound for the reason that when a statute, as in this case, vests certain power in the officers of the municipality, and when all conditions precedent to its exercise have been complied with, the liability may be incurred in any form sanctioned by law. We think the form in which the liability was incurred, namely, by the issuance of warrants at the meeting on July 12, 1910, was a sufficient exercise of the power to bind the municipality. 2 Dill. Mun. Corp. 5th ed. p.

784. It is not seriously contended by appellants that the municipality is bound by the action of the board, prior to the filing of the petition.

Respondent contends that the election at which the voters refused to sanction an issuance of bonds amounted to a rescission of the authority which might have been exercised following the petition, and that the adverse vote must be taken as a withdrawal of the signatures from the petition. We do not think there is any force in this contention, particularly in view of the fact that the statute requiring the petition, and which was in force at that time, § 2869, Revised Codes 1905, Comp. Laws 1913, § 3868, provided that it should be signed by "citizen owners of five eighths of the taxable property." Under this statute it is clear that a petition signed by a small minority of citizens would be sufficient, provided they owned five eighths of the taxable property, and the petition would not be annulled by an election which was not required by law.

It is further contended by the respondent that the petition signed by the citizen property owners was in the alternative, in that it requested the board of trustees to incur "a debt or liability of $1,500 or issue bonds therefor," and that since, pursuant to said petition, the board of trustees had ordered an election on the question of the issuance of bonds, they had exhausted the power which the petition authorized them to exercise. As we view the petition, it does not really confer power upon the officers of the municipality. It is, as said above, but a condition precedent to the exercise of the power elsewhere conferred. A petition is required, whether it is desired to authorize the creation of a liability by contract or warrant, or upon municipal bonds. The petition is only in the alternative as to the form of the liability, not as to the request to incur liability for the purpose indicated. If bonds were to be issued, a vote was required, and when the village board acted upon the petition to the extent of submitting the question of issuing bonds to a vote, it merely took the necessary legal steps to determine whether the electors desired the liability to be incurred in that form. The result of the election is perfectly consistent with a desire upon the part of the electors to make provision for meeting the liability out of the current revenues, extended perhaps over a few years, rather than by issuing bonds therefor. We cannot say that the interpretation to this effect, which was apparently placed upon the petition by the village trustees in

later issuing the warrants in suit, was not within the intention manifested by the petitioners. It must be remembered that the only question which was submitted to the voters in this connection was the question of issuing bonds for fire apparatus. In the view we take of the case, there is no question of any void or illegal action, and no question of estoppel involved. We think the village trustees, in allowing the bill of the plaintiff company on July 12, 1910, and in issuing the village warrants therefor, sufficiently manifested the intention of accepting plaintiff's proposition to make a binding contract carrying the liability of the village.

The judgment is reversed, with costs, and the cause remanded, with directions to enter judgment for the plaintiff and against the defendant for the amount of the warrants, interest, and costs.